*In re* PETITION OF NEWMARCH.

NEWMARCH *v.* INGHAM COUNTY PLAT BOARD.

1. ADMINISTRATIVE LAW—SURVEYOR'S CORRECTION OF RECORDED PLAT
   —FINDING OF COURT—EVIDENCE.
   Trial court's finding that circuit court petitioner for certiorari
   to county plat board had not lost any land or property by
   reason of correction of plat, recorded some 2 years theretofore,
   made by the registered land surveyor and approved by the
   board, wherein a dimension of petitioner's lot was changed on
   the plat from 102.85' to 98' *held,* supported by testimony taken
   on reference back to circuit court (CLS 1956, § 560.59).

2. BOUNDARIES—CORRECTION OF RECORDED PLAT—STATUTES.
   Correction of recorded plat whereby a dimension of a lot was
   changed on the plat by the registered land surveyor from 102.85'
   to 98' in accordance with statutory procedure for correction
   of typographical and minor errors *held,* within the scope of
   the statute and the kind of correction intended by the legis-
   lature (CLS 1956, § 560.59).

Appeal from Ingham; Salmon (Marvin J.), J.
Submitted April 14, 1961. (Docket No. 82, Calendar
No. 48,915.) Additional testimony and finding on
special question filed September 25, 1961. Decided
November 30, 1961.

Certiorari by William C. Newmarch against Ing-
ham County Plat Board to invalidate a correction
in plat records as not being wholly typographical in
nature. Grand View Land Corporation and LaNoble

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 900.
[2] 8 Am Jur, Boundaries § 87.

Realty Company intervene as parties defendant. Writ dismissed.

*H. Donald Bruce,* for plaintiff.

*Hammond & Schram (Henry L. Schram,* of counsel), for intervening defendant Grand View Land Corporation.

*George J. Hutter,* for intervening defendant La-Noble Realty Company.

Kavanagh, J.   Petitioner, the owner of residential lot No. 73, Groesbeck Hills Subdivision No. 2, in Lansing township, Ingham county, Michigan, which he purchased in 1956 and on which he had built a house in 1957, appeals from a circuit court dismissal of his petition for a writ of certiorari.   He sought the writ in the Ingham county circuit court and asked the court to hold the Ingham county plat board had exceeded its statutory authority in authorizing a registered land surveyor to correct errors upon the plat of said subdivision.   The plat, dated February 20, 1956, and containing 22 lots numbered from 63 to 84, inclusive, was recorded in the office of the register of deeds of Ingham county by Grand View Land Corporation as proprietor.   The drawing of the plat, surveying upon the physical lands, installation of corner and lot markers, and other work in connection therewith, were done by one LaVerne J. Hendryx, a registered land surveyor.

In 1958 Mr. Hendryx discovered he had made copying errors in setting forth 2 lot measurements upon the plat drawing.   One of the errors involved the west line of lot No. 73.   Upon the plat as recorded, the measurement set forth was 102.85 feet.   The true measurement was 98 feet.

In order to correct this error, Mr. Hendryx, under the provisions of section 59 of the plat act, as amended, being CLS 1956, § 560.59 (Stat Ann 1953 Rev § 26.489), was authorized by the county plat board to make a correction on the recorded plat. The required affidavit covering the corrections was properly filed with the Ingham county register of deeds.

On the return of the order to show cause in circuit court, petitioner sought to introduce testimony to show that the change was not a typographical error but one which substantially changed the size of the lot, altered its shape, and caused petitioner to lose 335 square feet of his land, some fence and shrubbery.

CLS 1956, § 560.59 (Stat Ann 1953 Rev § 26.489), provides in pertinent part as follows:

"The county plat board is hereby empowered to authorize the land surveyor who prepared a plat, or the county surveyor of the county in which the plat is located, to make minor corrections on said plat, provided that the surveyor file an affidavit with the register of deeds for the county setting forth the exact nature and extent of the correction and the fact that all copies of the plat filed in the county have also been corrected: Provided, however, *That such correction is of a typographical or minor nature and does not alter the size and dimensions of the lots, tracts or parcels of land within the boundaries of the plat:* Provided further, That the register of deeds of the county shall send a certified copy of any such changes made to the office of the auditor general." (Emphasis supplied.)

The trial judge refused to take testimony to determine whether or not the change caused petitioner to lose land, fence, and shrubbery. Petitioner appealed to this Court. On May 25, 1961, this Court referred the matter back to the circuit court of Ingham county for the taking of testimony as to whether this was

a mere correction of the figures on the plat or a change which altered the size and dimensions of the lots in the subdivision. A transcript of these proceedings and the conclusions of the trial judge as to the facts are now on file in this Court.

The trial judge found as a matter of fact that petitioner did not lose any land or property by the correction; that no change in size or shape of the lot resulted from the correction; that when the plat was originally prepared the dimensions which appeared on the sketch were incorrectly placed on the boundary lines of the final plat diagram; and that the typographical corrections permitted by the Ingham county plat board, and of which petitioner complains, were merely to correct the mistake and were within the intent and scope of the statute.

The additional testimony taken and the record in the original circuit court proceeding indicate the trial court reached the correct conclusion. The corrections made were within the scope of the statute and were the kind of corrections the legislature intended to be made in such a proceeding.

The order of the circuit court dismissing the writ is affirmed, with costs in favor of appellees.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, and SOURIS, JJ., concurred.

OTIS M. SMITH, J., took no part in the decision of this case.